UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL McKINNEY,<br>Petitioner,<br>v.<br>ST. ANDRE,<br>Respondent. | No. 2:26-cv-1903 CSK P<br><br>ORDER AND NOTICE TO PRO SE HABEAS PETITIONER REGARDING EXHAUSTION |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254. On September 24, 2026, petitioner filed a letter to the Court stating he is "no longer interested in moving forward" with this case because he wished to first exhaust all state court remedies. (ECF No. 12 at 1.) However, petitioner then expressed concern that he may not be able to timely file a petition given the federal one year statute of limitations.[1] (Id.) Petitioner acknowledges that a prior federal habeas petition was dismissed for failure to exhaust state court remedies. Id. Petitioner's prior federal habeas petition was dismissed on September 11, 2023, because petitioner's claims had not been presented to the California Supreme Court. See McKinney v. Santero, No. 2:23-cv-0416 DJC DB (E.D. Cal.) (See ECF No. 10 at 2).

[1] The habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. 28 U.S.C. § 2244(d). In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. Id.

In addition, on September 10, 2026, respondent filed an answer stating that "[t]he petition appears timely filed." (ECF No. 11 at 1 (citing 28 U.S.C. § 2244(d)(1)(A)).)

Because petitioner's timely claims may be at risk if petitioner dismisses this action, and petitioner expressed concern about this possibility, this Court does not construe petitioner's September 24, 2026 filing as a request to dismiss this action, and provides petitioner with information concerning how he can proceed if he intends to pursue currently unexhausted claims not included in the instant petition. In addition, petitioner is advised that he must file a formal motion rather than a letter if he seeks court action in the future.

Notice re Exhaustion of State Court Remedies

Federal law requires any habeas claim to be presented first to the state courts in order to correct any constitutional error. See 28 U.S.C. § 2254(b)(1)(A); see also Rose v. Lundy, 455 U.S. 509, 515-16 (1982)(explaining why federal habeas petitioners must exhaust claim by giving state courts the first opportunity to correct constitutional error); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (explaining that exhaustion requires the completion of "one complete round" of state court review).

If you have not yet presented all of your claims to the highest state court, you may request the federal court to place your federal habeas petition on hold while you return to state court(s) in order to fully exhaust your claim(s). This is referred to as a "stay and abeyance." Federal law provides for two very different types of a stay and abeyance. Any motion you file for a stay should specify which type of stay you are seeking.

The first type of a stay is referred to as a "Rhines" stay. See Rhines v. Weber, 544 U.S. 269, 278 (2005). The court may stay a habeas petition containing exhausted and non-exhausted claims if petitioner demonstrates (1) good cause for the failure to previously exhaust the claims in state court, (2) the claims at issue potentially have merit, and (3) petitioner has been diligent in pursuing relief. Rhines, 544 U.S. at 277-78; see also Mena v. Long, 813 F.3d 907, 910-12 (9th Cir. 2016) (extending the Rhines stay and abeyance procedure to federal habeas petitions that are wholly unexhausted). You should address all three of these factors if you are requesting a Rhines stay. If the court grants your request for a Rhines stay, the entire federal habeas petition including

the unexhausted claim(s) will be put on hold. It does not require you to file any amended federal habeas petition.

The second type of a stay is referred to as a "Kelly" stay. In Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), a stay and abeyance involves the following three-step process: (1) the petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to return to state court to exhaust the deleted claims; and (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition. This is a more cumbersome procedure than a Rhines stay because it requires you to file multiple amended federal habeas petitions, but it does not require a petitioner to demonstrate good cause for the failure to exhaust. See King v. Ryan, 564 F.3d 1133, 1140 (9th Cir. 2009). However, a Kelly stay runs the risk of preventing review on the merits of any unexhausted claim for relief due to the one year statute of limitations governing federal habeas claims. See King, 564 F.3d at 1140-41 (emphasizing that a "petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them **only** if those claims are determined to be timely. Demonstrating timeliness will often be problematic under the now-applicable legal principles.") (emphasis added); see also 28 U.S.C. § 2244(d)(1)(stating that a one year period of limitation shall apply to all federal habeas petitions challenging a state court judgment).

Nothing in this notice prevents you from returning to state court while your federal habeas petition is pending. If the state court issues a ruling on your constitutional claim(s) while your federal habeas case is pending, you should file a "Notice of Exhaustion" in this court along with a copy of the state court ruling.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's September 24, 2026 letter request is dismissed without prejudice; and
2. If petitioner seeks to stay this action pending his return to state court to exhaust additional claims, petitioner is granted thirty days from the date of this order to file a motion to stay that identifies the type of stay requested, and addressing the elements

set forth above.

Dated: October 1, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/mcki1903.dm.exh